## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DENNIS C. W. WILSON,

        Plaintiff,

    vs.                                        No. Civ. 98-755 SC/DJS

SECRETARY, UNITED STATES
DEPARTMENT OF ENERGY and
UNITED STATES DEPARTMENT
OF ENERGY,

        Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Set Aside Judgment and Permit the Filing of Plaintiff's Response to Defendants' Motion to Dismiss, filed February 18, 2000 [Doc. No. 9].[1]  The Court, having read the motion, memoranda, and exhibits submitted by the parties, and being apprised of the applicable law, concludes that the motion is not well taken.

**I.    BACKGROUND**

Plaintiff filed his Complaint on June 22, 1998 and served Defendants on October

---

[1] I note that the service certification date for Plaintiff's motion was not completed and that the Affidavit of Ray Twohig, attached as an exhibit to Plaintiff's motion, is not notarized.  Plaintiff states in his memorandum in support that the motion is opposed.  Opposing counsel contends that she was never contacted regarding her opposition or nonopposition to the motion.

22, 1998.[2]  Pursuant to the local "packet" rule, Defendants served Plaintiff with a motion to dismiss and the supporting memorandum on December 21, 1998.  In their transmittal letter, Defendants stated that, in accordance with the local "packet" rule, they would not file their motion and memorandum until they received Plaintiff's response and they prepared their reply.

Plaintiff's response was due originally to Defendants on January 4, 1999.  Plaintiff sought from and was orally granted by Defendants an extension of time to January 15, 1999 to serve his response.  On January 19, 1999, Plaintiff filed an unopposed motion for an extension of time to February 1, 1999 to serve his response. Subsequently, Plaintiff telephonically sought one additional week's extension, to which Defendants agreed.  Plaintiff's response final deadline was, thus, February 8, 1999.  Plaintiff avers that he was under the impression and belief that opposing counsel had indicated earlier that she did not mind if the response submission was delayed further due to his schedule.  Defendants contend this belief was erroneous and no such impression was given.

Plaintiff's response was mailed to Defendants on February 9, 1999, one day after the submission deadline.  In the transmittal letter accompanying Plaintiff's response, Plaintiff requested, pursuant to the local "packet" rule, that Defendants' file his response with their motion and reply.  Plaintiff states the reason he required time extensions was that during February 1999 new computer equipment and a new computer system were

---

[2] I will use the term "Plaintiff" or "Defendants" to refer both to the respective party and to the respective party's counsel.  I also will use the term "Plaintiff" to refer to the staff of Plaintiff's counsel.

purchased and installed in his office and were not completely operational. These computer difficulties "prevented counsel and his secretary from processing the response and mailing it any earlier." Pl.'s. Mot., Ex. A at 3 (Aff. of Ray Twohig). Plaintiff further explains that the reply was mailed on February 9 instead of February 8 because he decided to do some additional editing. Plaintiff also states that the reply was served by mail, and not hand delivered and/or faxed to Defendants, because of "the loss of the runner/file clerk normally employed" by him and the transition from the use of a separate fax machine to computer faxing through the new computer system being installed. Pl.'s Reply at 5; see id. at Aff. of Regina Torrez at 2 (unlabeled exhibit). Plaintiff did not e-mail Defendants because a prior e-mail attempt went unanswered.

On February 17, 1999, Defendants filed with the Court their motion to dismiss and supporting memorandum. A transmittal letter was attached by Defendants to their motion and memorandum, explaining why the pleadings were not being filed pursuant to the local "packet" rule and the nonreceipt of Plaintiff's response, notwithstanding three extensions of time. Defendants' contend that they sent Plaintiff a copy of this transmittal letter. Plaintiff contends and avers, however, that he did not receive a copy of the letter.

Plaintiff's response was received by Defendants on February 18, 1999, a day after they filed their motion with the Court. On February 19, 1999, Defendants returned Plaintiff's response to him along with a two-sentence letter informing that they had filed their motion and memorandum on February 17 and, thus, were returning the response to

3

him. No mention was made in this letter that Plaintiff's response was not received by Defendants until February 18.

Defendants' letter and the response were received by Plaintiff on February 24, 1999. Not having received a copy of Defendants' February 17, 1999 letter, Plaintiff did not realize at the time he received the February 19 letter the local "packet" rule had not been followed and his response not filed by Defendants. Subsequent review of the February 19 letter by Plaintiff prior to internal filing revealed that Plaintiff's original copy of the response was attached to the letter, unfiled.

On February 22, 1999, I granted Defendants' motion and dismissed the case with prejudice.

On March 4, 1999, Plaintiff mailed his unfiled response directly to me, explaining that it had previously been mailed to opposing counsel on February 9 and returned by letter dated February 19, which was received February 24, without being sent by to the Court for filing or consideration. Plaintiff requested that the response be filed with the Court and taken into consideration.

I replied to Plaintiff on March 10, 1999, informing that I could not consider his response because the case had been dismissed on February 22. I instructed Plaintiff that perhaps the appropriate way to proceed would be for Plaintiff to file a motion to set aside the order of dismissal. I returned Plaintiff's unfiled response to him

Plaintiff filed his motion to set aside the judgment on February 18, 2000, four days short of a year after the final order dismissing the case was entered.

4

Neither party explains why Plaintiff did not telephone Defendants at the time he mailed his Response on February 9, 1999 and inform them of such mailing or why Defendants did not telephone Plaintiff when they filed their Motion and Memorandum with the Court on February 17, 1999 and inform him of such filing and their nonreceipt of his Response.  A few minutes spent by counsel communicating with each other might have prevented the larger amount of time, money, and energy required by counsel, the parties, and the judicial system to resolve the issues at bar.

## II.     DISCUSSION

Plaintiff moves that the Court's February 22, 1999 Order dismissing the case with prejudice be set aside and that Plaintiff's response to Defendants' motion to dismiss be permitted to be filed and considered by the Court.  Plaintiff's motion is filed pursuant to Federal Civil Procedure Rule 60(b)(1) (mistake, inadvertence, or excusable neglect) and 60(b)(6) (any other reason justifying relief).[3]

Rule 60(b) provides that a motion to set aside a final order or judgment "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment [or] order . . . was entered . . . ."  Fed. R. Civ. P. 60(b).  Read literally, it appears that a Rule 60(b)(1), (2), or (3) motion will always be filed within a "reasonable time" if filed within one year of the final order.  Under Tenth Circuit law, however, "the one-year time frame is an outer limit which is secondary to the requirement

---

[3] In his reply, Plaintiff withdraws the Rule 60(b)(3) (misconduct of opposing counsel) ground of his motion.

that the motion be made within a reasonable time." United States v. Lyman, No. 98-4109, 166 F.3d 349, 1998 WL 894950 at *4 (10th Cir. Dec. 24, 1998) (unpublished opinion); see White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990). In other words, a Rule 60(b)(1), (2), or (3) motion "is not timely merely because it has been filed within one year of the judgment" or final order. White, 915 F.2d at 1425; see Security Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1067-68 (10th Cir. 1980). "Reasonableness" is, thus, dispositive of the issue of timeliness for both the Rule 60(b)(1) and Rule 60(b)(6) grounds of Plaintiff's motion. "Reasonableness" is a factually dependent determination. See Lyman, 166 F.3d 349, 1998 WL 894950 at *4. Factors to be considered in such a determination include the reason for the delay and the prejudice to the other parties. See id. (citing Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981) (factors include interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties)).

  Plaintiff has not offered any explanation in his motion or supporting memorandum for why he waited almost a year after the order of dismissal was entered before filing the motion at bar. He did not address the issue of timeliness of the pending motion until his reply. In his reply, Plaintiff argues that (1) the Court has discretion to consider the motion because it was filed within one year of the final order and (2) there is no prejudice to the Defendants nor to the Court in reopening this case because it was closed through error and because the case turns strictly on legal issues. Plaintiff further explains he "is a sole practitioner with a very demanding schedule[,]" he "commonly deals with matters

near the deadline for their submission[,]" and he accepted the Court's March 1999 suggestion "within the time limit set by Rule 60[] and without prejudice to the Defendant."  Pl.'s Reply at 2.

Plaintiff has offered too little too late.  Plaintiff has not offered sufficient justification for the almost 12-month delay in the filing of his Rule 60(b) motion.  There is no valid reason why Plaintiff's motion could not have been filed soon after the final order was entered in February of 1999.  Nothing has changed factually or legally in this case since that time.  Furthermore, I explicitly suggested to Plaintiff in March of 1999 that he should file a motion to set aside on the same grounds now set forth in the pending motion.  Consequently, Plaintiff's motion will be denied as untimely.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Motion to Set Aside Judgment and Permit the Filing of Plaintiff's Response to Defendants' Motion to Dismiss, filed February 18, 2000 [Doc. No. 9], is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:  Ray R. Twohig, Jr., RAY TWOHIG, P.C., Albuquerque, New Mexico

Counsel for Defendants:  Marilyn S. Hutton, U.S. ATTORNEY'S OFFICE, Albuquerque, New Mexico